UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CORNELL B. CAVALIER**                                          **CIVIL ACTION**

**VERSUS**                                                        **NO. 16-16145**

**INDALECIO RAMOS**                                         **SECTION: "S"(1)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Cornell B. Cavalier, is a state prisoner incarcerated at the Pine Prairie Correctional Center in Pine Prairie, Louisiana. By bill of information, he was charged under Louisiana law with two offenses: attempted distribution of "a substance falsely represented to be a controlled dangerous substance, to wit: cocaine" and resisting an officer. On October 24, 2013, the prosecutor amended the former charge to distribution of "a substance falsely represented to be a controlled dangerous substance."[1] On that same date, petitioner then pleaded guilty both to the amended charge and to the charge of resisting an officer; he also pleaded guilty to being a second offender. He was sentenced to an enhanced sentenced of ten years as a second offender on the

---

[1] State Rec., Vol. 1 of 2, Bill of Information.

distribution conviction and to a concurrent term of six months imprisonment on the conviction of resisting an officer.[2]

After unsuccessfully seeking post-conviction relief in the state courts, petitioner filed the instant federal application seeking habeas corpus relief on November 14, 2016.[3] In his application, he argues that his guilty plea to the amended drug charge was "non-responsive" to the drug offense charged in the original bill of information, and, therefore, the court lacked jurisdiction to accept his plea. He also claims that "[t]he trial Judge wasn't authorized to accept a plea of guilty to an offense for which there was no evidence."[4]

In its response in this proceeding, the state does not challenge the timeliness of the federal application but argues that petitioner is not entitled to relief because he has failed to assert a cognizable federal claim.[5] For the following reasons, the state is correct.

As the state correctly notes in its response, petitioner's claims are founded on state, not federal, law. However, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Trevino v. Johnson, 168 F.3d 173, 184 (5th Cir. 1999) (quotation marks omitted); accord Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991) ("We will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. We do not sit as a 'super' state supreme court in such a proceeding to review errors under state law." (internal citation and quotation marks omitted)). Federal habeas corpus relief may be granted only to remedy violations of the Constitution and laws of the United States; mere violations of *state* law will not suffice. 28 U.S.C. § 2254; Engle v. Isaac, 456 U.S. 107, 119 (1983).

---

[2] State Rec., Vol. 2 of 2, transcript of October 24, 2013; State Rec., Vol. 1 of 2, minute entry dated October 24, 2013; State Rec., Vol. 1 of 2, guilty plea form; State Rec., Vol. 1 of 2, multiple offender plea form.
[3] Rec. Doc. 1.
[4] Id. at p. 5.
[5] Rec. Doc. 7.

Nevertheless, the Court notes that the state courts obviously correctly applied state law in finding that the trial court had jurisdiction to accept his plea even if the plea was "non-responsive" to the drug offense charged in the original bill of information. Petitioner did not plead guilty to the drug offense charged in the original bill of information. Rather, he pleaded guilty to the charge *as amended* by the prosecutor prior to the taking of petitioner's plea. Further, the prosecutor clearly had the authority to amend the charge in the bill of information. State v. Lyons, 195 So.3d 545, 547 (La. App. 2d Cir. 2016) ("[T]he state has the authority to amend the bill of information, as to form or substance, at any time prior to trial. It was not required to obtain permission from the district court to amend the bill of information."); see also State v. Lee, 52 So.3d 210 (La. App. 1st Cir. 2010) ("[I]n accordance with Louisiana Code of Criminal Procedure article 487, the district attorney has complete authority to amend indictments, both as to form and substance, at any time before trial.").[6]

Lastly, as to petitioner's contention that the court was not authorized to accept his guilty plea because there was no evidence of the underlying offense, that contention likewise fails to state a cognizable federal claim. See, e.g., Cornett v. Johnson, No. 97-11250, 1998 WL 546513, at *1 (5th Cir. Aug. 12, 1998) ("[Petitioner's] challenge to the sufficiency of the evidence underlying his guilty plea does not rise to the level of a federal constitutional issue."). Simply put:

---

[6] Petitioner's argument that the trial court lacked jurisdiction to accept the plea is further undermined by the fact that a judge is not deprived of jurisdiction to accept a guilty plea even when the prosecutor *fails* to amend the bill of information. State v. Baptiste, No. 16-KA-316, 2016 WL 7239010, at *3 (La. App. 5th Cir. Dec. 14, 2016) ("A trial judge may accept a defendant's knowing and voluntary guilty plea even if the plea is not responsive to that charged in the bill of information and the district attorney has not amended the bill of information to conform to the plea."); see also State v. Jackson, 916 So.2d 1015, 1022-23 (La. 2005); State v. Williams, No. 50,852-KA, 2016 WL 5404381, at *3 (La. App. 2d Cir. Sept. 28, 2016) ("[W]hen a defendant wishes to enter a plea of guilty to a crime nonresponsive to the original indictment, and such a plea is acceptable to the district attorney, the defendant is not prohibited from making such a plea, and the district attorney is not required to file a new indictment to charge the crime to which the plea is offered."); State v. Williams, 112 So.3d 1022, 1030 (La. App. 2d Cir. 2013) ("[T]he failure of the district attorney to amend the bill to conform to Defendant's plea agreement cannot be considered to render the plea unintelligent or involuntary.").

> State courts are under no constitutional duty to establish a factual basis for the guilty plea prior to its acceptance, unless the judge has specific notice that such an inquiry is needed. … The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2790, 61 L.Ed.2d 560 (1979), mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable doubt is inapplicable to convictions based on a guilty plea.

Smith v. McCotter, 786 F.2d 697, 702-03 (5th Cir. 1986).[7]

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Cornell B. Cavalier be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[8]

New Orleans, Louisiana, this twenty-fourth day of February, 2017.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] Moreover, in any event, it must be remembered that a plea of guilty normally waives non-jurisdictional defects in the proceeding prior to the entry of the plea, including a claim of insufficient evidence. Simmons v. Morgan, Civ. Action No. 15-2298, 2015 WL 5971685, at *3 (E.D. La. Oct. 14, 2015); Sokolowski v. Prince, Civ. Action No. 14-110, 2015 WL 631425, at *5 (E.D. La. Feb. 13, 2015); accord United States v. Silva, No. 97-10266, 1998 WL 29992, at *1 (5th Cir. Jan. 6, 1998) ("[Petitioner's] sufficiency-of-the-evidence challenge is also waived by his guilty plea.").
[8] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.